UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DISHEKA CLARK, LISA A. CASH, FRANCHESCA HARRINGTON, BIANCHA MCCRAY, and COURTNEY GIBSON, <br><br> Plaintiffs, <br> v. <br><br> F & J COMMUNITY SERVICES, INC. and TRAVIS FORD, <br><br> Defendants. | ) Civil No. 3:20-cv-00044 <br> ) <br> ) <br> ) <br> ) <br> ) COMPLAINT AND <br> ) DEMAND FOR JURY TRIAL <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiffs, Disheka Clark ("Clark"), Lisa A. Cash ("Cash"), Franchesca Harrington ("Harrington"), Biancha McCray ("McCray"), and Courtney Gibson ("Gibson") (together "Plaintiffs"), by and through counsel, brings this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§95.25.1 *et. seq.*, against F & J Community Services, Inc. ("F&J") and Travis Ford ("Ford") (together "Defendants").

## NATURE OF PLAINTIFFS' CLAIMS

1. Plaintiffs bring their FLSA claim pursuant to 29 U.S.C. § 216(b) and they seek to recover unpaid overtime compensation and statutory penalties during the three-year period preceding the filing of this Complaint.

2. Plaintiffs' FLSA claims result from Defendants' policy and practice of failing to pay Plaintiffs an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

3. Defendants failed to pay all wages earned by Plaintiffs pursuant to the NCWHA. Specifically, Defendants violated N.C. Gen. Stat. §§95.25.1 *et. seq.* by failing to pay Plaintiffs all earned wages due on their regular pay days and due on the next regular payday following the termination of Plaintiffs' employment.

## THE PARTIES

4. Clark is an adult individual who is a resident of Mount Croghan, South Carolina.

5. Cash is an adult individual who is a resident of Morven, North Carolina.

6. Harrington is an adult individual who is a resident of Raleigh, North Carolina.

7. McCray is an adult individual who is a resident of Morven, North Carolina.

8. Gibson is an adult individual who is a resident of Rockingham, North Carolina.

9. F&J is a domestic business corporation registered and in good standing in the State of North Carolina, with its Principal Office located at 128 Johnson Street, Wadesboro, North Carolina 28170.

10. Ford is an adult individual who is a resident of Concord, North Carolina.

## JURISDICTION AND VENUE

11. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 291 *et. seq.*

12. The claims for violations of the NCWHA are based on the statutory and common law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. §1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claims – both claims arise out of Defendants' unlawful policies and practices related to Plaintiffs' compensation.

2

Case 3:20-cv-00044-FDW-DSC   Document 1   Filed 01/22/20   Page 2 of 10

13. This Court has personal jurisdiction because Defendants conduct business in Anson County, North Carolina, which is located within this judicial district.

14. Venue is proper in this judicial district because Defendants have substantial business in this district and because the unlawful acts alleged herein occurred in Anson County, North Carolina.

15. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## COVERAGE ALLEGATIONS

16. At all times hereinafter mentioned, Defendants have been employers, jointly, within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

19. At all times hereinafter mentioned, Clark was an employee of Defendants within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

20. At all times hereinafter mentioned, Cash was an employee of Defendants within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

21. At all times hereinafter mentioned, Harrington was an employee of Defendants within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

22. At all times hereinafter mentioned, McCray was an employee of Defendants within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

23. At all times hereinafter mentioned, Gibson was an employee of Defendants within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

24. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

25. At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. § 95-25.2(5).

26. At all times hereinafter mentioned, Clark was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. § 95-25.2(4).

27. At all times hereinafter mentioned, Cash was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. § 95-25.2(4).

28. At all times hereinafter mentioned, Harrington was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. § 95-25.2(4).

29. At all times hereinafter mentioned, McCray was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. § 95-25.2(4).

30. At all times hereinafter mentioned, Gibson was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. § 95-25.2(4).

**PLAINTIFFS' FACTUAL ALLEGATIONS**

31. F&J provides day habilitation services to developmentally disabled individuals.

32. Ford is an owner, member and/or officer of F&J. In this capacity, Ford was involved in the day-to-day business operations of F&J. Ford had the authority to sign F&J checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including compensation practices and policies. At all relevant times, Ford acted and had responsibility to act on behalf of, and in the interests of F&J in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including Plaintiffs' compensation issues raised in this lawsuit.

33. Clark was employed by Defendants in the position of Hospital Residential Manager from in or about March 26, 2019, through May 31, 2019.

34. Clark's hourly rate was $15.00 per hour.

35. At all times relevant to this Complaint, Clark worked more than forty hours per week as a Hospital Residential Manager. For example, Clark worked approximately 18 hours of overtime during week of April 1, 2019, through April 7, 2019. This example is representative of the number of overtime hours worked each week by Clark during the period in which she was employed with Defendants.

36. Clark performed all her scheduled work shifts until the termination of her employment.

37. Defendants failed to pay Clark any and all earned wages during the period in which she was employed with Defendants.

38. Cash was employed by Defendants in the position of Direct Care Staff and Commercial Networking from on or about April 30, 2019 through May 31, 2019.

39. Cash's hourly rate was $12.00 per hour.

5

40. Cash worked in excess of forty hours during two workweeks in which she was employed with Defendants. Specifically, Cash worked approximately 16 hours of overtime during the week beginning on May 13, 2019, and 16 hours of overtime during the week beginning on May 19, 2019.

41. Cash performed all her scheduled work shifts until the termination of her employment.

42. Defendants failed to pay Cash any and all earned wages during the period in which she was employed with Defendants.

43. Harrington was employed by Defendants in the position of Supervisor/Nurse Aid from in or about the end of March 2019 through May 31, 2019.

44. Harrington's hourly rate was $12.00 per hour.

45. At all times relevant to this Complaint, Harrington worked more than forty hours per week as a Supervisor/Nurse Aid. For example, Harrington worked approximately 30 hours of overtime during week of April 14, 2019 through April 20, 2019. This example is representative of the number of overtime hours worked each week by Harrington during the period in which she was employed with Defendants.

46. Harrington performed all her scheduled work shifts until the termination of her employment.

47. Defendants failed to pay Harrington any and all earned wages during the period in which she was employed with Defendants.

48. McCray was employed by Defendants in the position of Direct Care Staff from on or about April 30, 2019, through May 31, 2019.

49. McCray's hourly rate was $12.00 per hour.

50. McCray worked in excess of forty hours during one workweek in which she was employed with Defendants. Specifically, McCray worked approximately 8 hours of overtime during the week beginning on May 13, 2019.

51. McCray performed all her scheduled work shifts until the termination of her employment.

52. Defendants failed to pay McCray any and all earned wages during the period in which she was employed with Defendants.

53. Gibson was employed by Defendants in the position of Direct Care Staff from on or about March 27, 2019, through May 31, 2019.

54. Gibson's hourly rate was $12.50 per hour.

55. Gibson worked in excess of forty hours during five workweeks in which she was employed with Defendants. Specifically, Gibson worked approximately 24 hours of overtime during the week beginning on April 1, 2019, 37 hours of overtime during the week beginning on April 8, 2019, 2 hours of overtime during the week beginning on April 15, 2019, 27 hours of overtime during the week beginning April 29, 2019, and 9 hours of overtime during the week beginning on May 6, 2019.

56. Gibson performed all her scheduled work shifts until the termination of her employment.

57. Defendants failed to pay Gibson all earned wages during the period in which she was employed with Defendants.

58. Defendants failed to pay Plaintiffs the overtime premium required by the FLSA.

59. Defendants had knowledge that Plaintiffs worked the unpaid overtime hours at issue in this lawsuit because Defendants frequently assigned Plaintiffs work schedules that exceeded 40 hours in a workweek.

60. Defendants willfully failed to pay Plaintiffs the overtime premium required by the FLSA.

## Count I

## (Violation of FLSA – Overtime)

61. Plaintiffs incorporate by reference paragraphs 1 through 60 of their Complaint.

62. Defendants violated the FLSA by failing to timely pay all overtime wages earned by Plaintiffs.

63. Defendants violated the FLSA by failing to pay Plaintiffs an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

64. Defendants' violation of the FLSA was willful.

## Count II

## (Violation of NCWHA)

65. Plaintiffs incorporate by reference paragraph 1 through 64 of their Complaint.

66. Plaintiffs' NCWHA claims arise from Defendants' policy and practice of failing to pay earned wages for work performed by Plaintiffs in violation of N.C. Gen. Stat. §§ 95-25.6 and 95-25.7.

67. Defendants failed to timely pay all wages earned by Plaintiffs on their regularly scheduled paydays, including the next regular payday following the termination of Plaintiffs' employment.

68. Defendants' violation of the NCWHA was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

a) An Order pursuant to Section 16(b) of the FLSA and Section 95-25.22 of the NCWHA finding Defendants liable for unpaid regular and overtime wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

b) An Order awarding the costs of this action;

c) An Order awarding reasonable attorneys' fees;

d) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA and the NCWHA by failing to comply with the statutory requirements regarding payment of overtime wages and timely payment of regular paychecks, respectively;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all issues of fact.

Respectfully submitted,

/s/ Geoffrey A. Marcus
Geoffrey A. Marcus, NCSB#54907
Philip J. Gibbons, Jr., NCSB #50276

9

Craig L. Leis, NCSB #48582
**GIBBONS LEIS, PLLC**
14045 Ballantyne Corporate Place, Ste 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038
Fax: (704) 612-0038
E-Mail: geoffrey@gibbonsleis.com
       phil@gibbonsleis.com
       craig@gibbonsleis.com